UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACKAGING CORPORATION OF AMERICA, | CASE NO. C19-1770 MJP |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| v. | |
| LUNDBERG LLC, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed:

1. Defendants Lundberg, LLC, and Dustex LLC's Motion to Dismiss for Lack of
   Subject Matter Jurisdiction (Dkt. No. 46),

2. Plaintiff Packaging Corporation of America's Opposition to Defendants' Motion to
   Dismiss (Dkt. No. 51),

3. Defendants Lundberg, LLC, and Dustex LLC's  Motion Reply to PCA's Opposition
   to Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 53),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1        IT IS ORDERED that the motion is GRANTED; this matter is dismissed for lack of

2   subject matter jurisdiction.

3   **Background**

4        Plaintiff Packaging Corporation of America ("PCA") filed an amended complaint in this

5   matter claiming the existence of subject-matter jurisdiction based on complete diversity of the

6   parties under 28 U.S.C. § 1332.  Dkt. No. 25 at ¶ 5.   PCA is a Delaware corporation with its

7   principal place of business in Illinois.  Id. at ¶ 1.  A corporation is a citizen of the state where its

8   principal place of business is located and the state in which it is incorporated )28 U.S.C. §

9   1332(c)(1)), making Plaintiff a citizen of Delaware.

10        There appears to be no dispute that Defendant A.H. Lundberg Systems, Inc. is a citizen of

11   a foreign state (Canada) and thus poses no issue as far as diversity jurisdiction goes.  The

12   complex "family tree" of Defendant Lundberg, LLC, however, does raise questions of whether

13   complete diversity between the parties exists.  "[A]n LLC is a citizen of every state of which its

14   owners/members are citizens."  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894,

15   899 (9th Cir. 2006).  Defendants present evidence that Lundberg LLC's chain of membership

16   goes as follows:

17   • The sole member of Lundberg, LLC is Dustex LLC.

18   • The sole member of Dustex LLC is Dustex Investment Holdings LLC.

19   • The sole member of Dustex Investment Holdings LLC is Dustex Solutions LLC.

20   • The sole member of Dustex Solutions LLC is Dustex Holdings LLC.

21   • Dustex Holdings LLC has four members: Murray Paul Hassinoff, Consolidated

22      Construction Investment Holdings LLC, NFT Industries LLC, and Dustex Investment

23      Resources LLC.

24

- Dustex Investment Resources LLC has four members, consisting of three limited partnerships and a corporation; the corporation is Dustex (TE) III Blocker Corporation.

- Dustex (TE) III Blocker Corporation is incorporated in Delaware.

Dkt. No. 47, Decl. of Conner, Exs. 1, 2, and 4.

Plaintiff disputes whether Defendants have properly established their current ownership and contends that the Defendant LLCs are citizens of North Carolina and Georgia.

**Discussion**

If Defendants are correct, the Delaware citizenship of Dustex (TE) III Blocker Corporation will operate to defeat complete diversity and would divest this Court of subject-matter jurisdiction. Plaintiff maintains that Defendants are not correct, and bases its argument on two facts. Plaintiff's argument begins from the assertion – without contradiction – that at the time it was originally formed (on October 8, 2014), the sole member of Dustex LLC was Dustex Corporation, an entity with North Carolina and Georgia citizenship. Dkt. No. 52, Decl. of Barr, Ex C at 7.

First, Plaintiff points out that the document purportedly referencing the transfer of ownership of Dustex LLC – the "First Amendment to Limited Liability Company Agreement of Dustex LLC" (Id., Ex. D) – states that it concerns "that certain Limited Liability Company Agreement of Dustex LLC, dated as of October 22, 2014." Id. at 1 (emphasis supplied). The undisputed date of the formation of Dustex LLC was October 8, 2014 and thus Plaintiff contends that this document is ineffective as to that limited liability corporation which is a Defendant to this action.

The Court is not persuaded. The incorrect date on the referenced document is, at worst, a "scrivenor's error." The law is clear that "when the intention of the parties is identical at the

ORDER ON MOTION TO DISMISS - 3

time of the transaction but the written agreement does not express that intention because of such

error, … a court acting in equity" has authority to reform the agreement to reflect the intention of

the parties.  66 Am.Jur.2d, *Reformation of Instruments* § 19 (2011).   To hold otherwise would

result in the unwinding of a transaction and a transfer to a different owner at the behest of a third

party without privity to the agreement.

Second, Plaintiff highlights the fact that the First Amendment document referenced *supra*

was signed by "Dustex Holdings LLC" for the benefit of "Dustex Investment Holdings" (Barr

Decl., Ex. D at 1-4), and contends that, because Dustex Corporation originally held 100%

ownership of Dustex LLC, Dustex Holdings LLC had no ownership interest to transfer.  The

document, the argument goes, is thus meaningless for jurisdictional purposes.

However, as Defendants demonstrate, the transfer of interest occurred by a separate

document (the "Contribution Agreement" of October 22, 2014; *see* Dkt. No. 54, Supplemental

Decl. of Conner, Ex. 1) and the "First Amendment" simply reflects the fact that Dustex

Investment Holdings LLC had become the sole member of Dustex LLC at the time the

amendment was executed.  Dustex Corporation had no ownership interest in Dustex LLC when

the amendment was signed, thus the absence of its signature is not significant.

**Conclusion**

Defendants have demonstrated to the Court's satisfaction that both Lundberg LLC and

Dustex LLC have Delaware citizenship.  Diversity is therefore lacking and this matter must be

dismissed for absence of subject-matter jurisdiction.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 13, 2020.

Marsha J. Pechman
United States Senior District Judge

ORDER ON MOTION TO DISMISS - 5